**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STACEY AYN KOSOWSKI,

          Plaintiff,

vs.                                                                Case No. 3:11-cv-22-J-JRK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Stacey Ayn Kosowksi[2] ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Her alleged inability to work stems from back injuries, nerve damage, chronic pain, and depression. Transcript of Administrative Proceedings (Doc. No. 7; "Tr."), filed March 15, 2011, at 194. On May 15, 2007, Plaintiff filed an application for DIB. See Tr. at 159-63.[3] Also on May 15, 2007, Plaintiff filed an application for SSI. Tr. at 155-58. Plaintiff alleges a disability onset date of October 1, 2005. Tr. at 155.

---

    [1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 5), filed March 15, 2011; Order of Reference (Doc. No. 8), entered March 16, 2011.

    [2] Some of the evidence contained in the record refers to Plaintiff as "Stacey Smith," "Stacey Ayn Smith," "Stacey Belford," and "Stacey Ayn Kosowski." The social security number for each of the above names is the same, so the Court assumes that Stacey Smith, Stacey Ayn Smith, Stacey Belford, and Stacey Ayn Kosowski is the same person.

    [3] Plaintiff's application for DIB is not in the record. This citation is to the "Receipt for Your Claim for Social Security Disability Insurance Benefits" dated May 15, 2007.

Plaintiff's claims were denied initially, Tr. at 91-96, and were denied upon reconsideration, Tr. at 102-05. An Administrative Law Judge ("ALJ") held a hearing on November 21, 2008 regarding Plaintiff's claims. Tr. at 46-82. After the hearing, the ALJ issued a Decision dated March 30, 2009. Tr. at 35-45.[4] Plaintiff requested a review of the ALJ's Decision, Tr. at 8, and on November 17, 2010, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's written Decision the final decision of the Commissioner. On January 7, 2011, Plaintiff commenced this action under 42 U.S.C. § 405(g) and § 1383(c)(3), by timely filing the Complaint (Doc. No. 1) seeking review of the Commissioner's final decision. The available administrative remedies have been exhausted, and the case is properly before the Court.

Plaintiff raises one issue on appeal: whether the ALJ properly considered and gave appropriate weight to the opinion of Plaintiff's treating physician, Tai Q. Nguyen, M.D. See Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 11; "Pl.'s Mem."), filed May 20, 2011, at 4. After reviewing the record and the parties' respective memoranda, the undersigned finds the final decision of the Commissioner is due to be reversed and remanded for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the individual: 1) is currently employed; 2) has a severe impairment;

---

[4] The ALJ's Decision is reproduced twice in the administrative transcript. See Tr. at 14-34, 35-45. For ease of reference, all citations to the ALJ's Decision will be to the reproduction on pages 35-45.

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

3) has an impairment that meets or medically equals one listed in the Regulations; 4) can perform past relevant work; and 5) retains the ability to perform any work in the national economy. See 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ performed the required five-step sequential inquiry. Tr. at 37-45. At step one, the ALJ observed Plaintiff "has not engaged in substantial gainful activity since October 1, 2005, the alleged disability onset date." Tr. at 37 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff suffers from "the following severe impairments: a lumbar spine disorder status post three surgeries, chronic pain disorder, and depression." Tr. at 37 (emphasis and citation omitted). At step three, the ALJ stated Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 39 (emphasis and citation omitted). The ALJ determined Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except [Plaintiff] cannot engage in activities that involve climbing ladders, ropes, or scaffolds. [Plaintiff] can occasionally climb ramps or stairs, and occasionally engage in balancing, kneeling, crouching, crawling, and stooping. [Plaintiff] must avoid exposure to dangerous work hazards. [Plaintiff] is limited to routine, repetitive work tasks.

Tr. at 40-41 (emphasis omitted). At step four, the ALJ ascertained Plaintiff "is unable to perform any past relevant work." Tr. at 43 (emphasis and citation omitted). At step five, after "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC,]" the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."

-3-

Tr. at 44 (emphasis and citation omitted). The ALJ concluded Plaintiff was not under a disability from October 1, 2005 through the date of the Decision. Tr. at 45 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to re-weigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## **IV. Discussion**

Plaintiff raises one issue before this Court.  Plaintiff alleges the ALJ did not properly consider and give appropriate weight to the opinion of Plaintiff's treating physician, Dr. Nguyen.  Pl.'s Mem. at 4-7.  Plaintiff contends the ALJ should have afforded Dr. Nguyen's opinion great weight because "Dr. Nguyen is a neurosurgeon who has treated and examined [P]laintiff and has performed a prior surgery on [P]laintiff and is in the best position to evaluate [P]laintiff's condition."  Id. at 5.  Furthermore, Plaintiff asserts that "[t]here is no other treating physician who has actually examined Plaintiff and no doctor who has a longer relationship with her."  Id. at 6.

On October 25, 2006, Plaintiff sought treatment from Dr. Nguyen.  Tr. at 288.  Dr. Nguyen recorded Plaintiff's chief complaints as follows: "bilateral upper gluteal pain, bilateral gluteal pain, and right lower extremity pain. . . .  She also complain[ed] of numbness in the last 3 toes of her right foot."  Tr. at 288.  Dr. Nguyen opined that Plaintiff had a possible recurrent disk herniation of L4-5 on her right side.  Tr. at 288.  Based on the severity of Plaintiff's complaints, Dr. Nguyen "recommended an exploration and possible surgical decompression of the nerve root."  Tr. at 288.  Plaintiff was scheduled for the operation.  Tr. at 288.

On November 9, 2006, Dr. Nguyen performed a hemilaminotomy and diskectomy L4-5 on Plaintiff's right side.  Tr. at 297.  After this procedure, Plaintiff's "disks were satisfactorily excised," "the nerve was found to be free from compression," and "hemostasis was obtained."  Tr. at 297.  Two days following this surgery, Plaintiff's pain level was controlled,

she was able to ambulate to the bathroom without difficulty, and she was discharged from the hospital.[6]  Tr. at 299-300.

On February 28, 2007, Dr. Nguyen saw Plaintiff for a follow-up appointment related to Plaintiff's chronic back pain and urinary incontinence.  Tr. at 290-91.  Dr. Nguyen noted that Plaintiff still continued to complain of pain in her right leg.  Tr. at 290.  Dr. Nguyen's assessment of Plaintiff's condition was that she "has a low back syndrome, and she is not considered to be a surgical candidate."  Tr. at 290.  Dr. Nguyen recommended Plaintiff seek treatment from a pain management clinic.  Tr. at 290.

In October 2008, Dr. Nguyen noted that he had evaluated Plaintiff on March 12, 2008, and he made the following findings.  Tr. at 437-45.  Dr. Nguyen opined Plaintiff could lift and/or carry less than ten pounds frequently, she could occasionally stand and/or walk for less than two hours in an eight-hour workday, and she could sit for less than six hours in an eight-hour workday.  Tr. at 441-42.  Dr. Nguyen determined that Plaintiff had physical limitations that prevented her from pushing and/or pulling with her arms and legs.  Tr. at 442-43.  Plaintiff could never climb, balance, kneel, crouch, or stoop.  Tr. at 442.  Lastly, Plaintiff was limited in reaching in all directions.  Tr. at 443.  Dr. Nguyen concluded that Plaintiff had been suffering from these limitations since July 1995.  Tr. at 445.

---

[6] Although the notes related to Plaintiff's discharge from the hospital appear to have been completed by Leonard J. Zimmer, ARNP, Tr. at 299, the notes were electronically signed by Dr. Nguyen, Tr. at 300.

The Regulations instruct ALJs how to weigh the medical opinions[7] of treating physicians[8] properly. See 20 C.F.R. § 404.1527(d). Because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2). When a treating physician's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering factors such as the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician. 20 C.F.R. § 404.1527(d).

If an ALJ concludes the medical opinion of a treating physician should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's own medical records. Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th

---

[7] Medical opinions are statements from physicians that reflect judgments about the nature and severity of the claimant's impairment, including symptoms, diagnosis, prognosis, and what the claimant can still do despite the impairment. 20 C.F.R. § 404.1527(a)(2).

[8] A treating physician is a physician who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence). The ALJ must "state with particularity the weight he [or she] gave the different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279-80 (11th Cir. 1987); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005) (finding no reversible error when "the ALJ articulated specific reasons for failing to give [a treating physician] controlling weight," and those reasons were supported by substantial evidence); Lewis, 125 F.3d at 1440.

Here, the ALJ reviewed Plaintiff's medical history as contained in the record. See Tr. at 41-43. The ALJ assigned "little weight" to Dr. Nguyen's opinion because "a less than sedentary [RFC] is too restrictive in light of the medical evidence." Tr. at 43. The ALJ did not articulate any other reasoning or explanation as to why "little weight" was afforded to Dr. Nguyen's opinion.

On its face, the reason given by the ALJ for affording Dr. Nguyen's opinion little weight may be considered a "good cause" reason, see Lewis, 125 F.3d at 1440; however, the ALJ did not explain her reasoning with any specificity or provide any evidentiary support for her reason. Cf. Gayler v. Astrue, No. 5:07-cv-121-Oc-GRJ, 2008 WL 4327050, at *6 (M.D. Fla. Sept. 18, 2008) (unpublished) (reversing and remanding an ALJ's decision to discount a treating physician's opinion when "the ALJ failed to explain or even provide a clue as to how [the treating physician's] opinion was inconsistent with other record medical evidence"); Russ v. Astrue, No. 3:07-cv-1213-J-MCR, 2009 WL 764516, at *10 (M.D. Fla. Mar. 20, 2009) (unpublished) (finding an ALJ's "dismissal" of a treating physician's opinion was "deficient" when the ALJ noted the opinion "was 'not supported by objective findings'" but did not provide any explanation for the reason). The ALJ's lack of explanation to support the

decision to give little weight to Dr. Nguyen's opinion impedes judicial review and therefore warrants reversal.

Defendant contends that the "ALJ properly considered an opinion from Plaintiff's treating physician" and then Defendant goes on to review the medical evidence of record and provide reasons why the ALJ's Decision was proper. Memorandum in Support of the Commissioner's Decision (Doc. No. 14; "Def.'s Mem."), filed July 19, 2011, at 5-13.[9] Although Defendant's contentions are potentially convincing, if accepted as true, the Court "cannot uphold a decision by an administrative agency . . . if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result, or the reasons are not included in the decision." Austin v. Astrue, No. 5:07/cv/52/MCR/EMT, 2008 WL 2385520, at *8 (N.D. Fla. June 9, 2008) (unpublished) (citing Green v. Shalala, 51 F.3d 96, 100-01 (7th Cir. 1995); Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994); Cline v. Sullivan, 939 F.2d 560, 563-69 (8th Cir. 1991) (recognizing the Commissioner's arguments in support of the ALJ's discounting of a treating physician's opinion, but stating '[w]hile [the arguments] may be true, the ALJ did not make these findings"); Zblewski v. Schweiker, 732 F.2d 75, 78-79 (7th Cir. 1984)). Given these standards, this Court cannot substitute the contentions in Defendant's Memorandum for the actual findings, or lack thereof, made by the ALJ.

---

[9] The Commissioner briefly notes that the record contains limited medical evidence from Dr. Nguyen. Def.'s Mem. at 9. Length of treatment relationship and frequency of examination are factors an ALJ considers in determining the weight to assign a treating physician's opinion. See 20 C.F.R. § 404.1527(d). If, after considering such factors, an ALJ determines that a treating physician's opinion deserves less than substantial weight, the ALJ must articulate his or her reasons for doing so. See id.; Lewis, 125 F.3d at 1440. The Commissioner's statement does not change the fact that the ALJ here failed to articulate reasons showing "good cause" for discrediting Dr. Nguyen's opinion.

## V. Conclusion

After a thorough review of the record, the undersigned cannot find that substantial evidence supports the Commissioner's final decision because the ALJ did not provide sufficient reasons for discrediting the opinion of Dr. Nguyen, Plaintiff's treating physician. In accordance with the foregoing, it is

**ORDERED:**

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

    (a) Reevaluate Dr. Nguyen's opinion and state with particularity the weight afforded to Dr. Nguyen's opinion; if the opinion is discounted, adequate reasons showing good cause for discounting it shall be provided and shall be supported by substantial evidence.

    (b) Take such other action as may be necessary to resolve these claims properly.

2. The Clerk is further directed to close the file.

3. If benefits are awarded on remand, Plaintiff's counsel shall have thirty (30) days from receiving notice of the amount of past due benefits to seek the Court's approval of attorney's fees pursuant to 42 U.S.C. § 406(b). See Bergen v. Comm'r Soc. Sec., 454 F.3d 1273 (11th Cir. 2006).

**DONE AND ORDERED** at Jacksonville, Florida on March 19, 2012.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

vts
Copies to:
Counsel of Record

Case 3:11-cv-00022-JRK   Document 15   Filed 03/19/12   Page 11 of 11 PageID 510